IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 02 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

AKEIM BURGEST,
GDC#: 1003101933,

      Plaintiff,

vs.

Lieutenant Bouchie;
Cert. officer JANVIER;
Cert. officer LEE; Sergeant
SHELTON,

      Defendants.

Civil Case No: 1:25-CV-4996

42 U.S.C. §1983

## COMPLAINT

### I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States.

2. This court has jurisdiction under 28 U.S.C. Section 1331 and Section 1343(a)(3).

3. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and Section 2202.

4. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and Section 2284 and Rule 65 of the Federal Rules of Civil Procedure.

5. The Northern District of Georgia is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

6. Plaintiff Akeim Burgest, GDC#1003101933, is and was at all times mentioned herein a prisoner of the State of Georgia in the custody of the Georgia Department of Corrections and is currently confined in Phillips State Prison, located in Buford, Georgia.

## III. DEFENDANTS

7. Defendant Lieutenant Bouchie is a correctional officer of the Georgia Department of Corrections who, at all times mentioned in this complaint, held the rank of Lieutenant of the Cert. Team and was assigned to Phillips State Prison.

8. Defendant Cert. officer Janvier is a correctional officer of the Georgia Department of Corrections who, at all times mentioned in this complaint, held the rank of CO. II as a member of the Cert. Team and was assigned to Phillips State Prison.

9. Defendant Cert. officer Lee is a correctional officer of the Georgia Department of Corrections who, at all times mentioned in this complaint, held the rank of CO. II as a member of the Cert. Team and was assigned to Phillips State Prison.

11. Defendant Sergeant Shelton is a correctional officer of the Georgia Department of Corrections who, at all times mentioned in this complaint, held the rank of Sergeant of the Cert. Team and was assigned to Phillips State Prison.

3.

12. Each defendant is sued individually and in his and her official capacity. At all times mentioned in this complaint each defendant acted under color of state law.

## IV. FACTS OF CLAIMS

13. On June 27, 2025, while Plaintiff was walking to the evening meal, he stopped to inform Defendant Lieutenant Bouchie that there was an error on the Dorm main roaster sheet because the warden and herself assigned Plaintiff to Building G-1, cell 4 and that they told Plaintiff he should be in cell 1.

14. When Plaintiff was trying to explain to Defendant LT. Bouchie his situation, she instructed Defendant Janvier to "get this inmate out of my face."

15. Defendant Janvier then approached Plaintiff and told Plaintiff to go to the dining hall while throwing water in Plaintiff's face from a water bottle he was drinking from.

16. While Plaintiff was walking to the dining hall Defendant Janvier followed Plaintiff (leaving his post) and was continuously throwing water in Plaintiff's

4.

face while calling Plaintiff retarded due that Plaintiff is a mental health patient classified as mental health level 3 inmate.

17. When Plaintiff entered the dining hall, Defendant Janvier came to the dining hall leaving his post for the second time and started to assault Plaintiff by hitting Plaintiff with his closed fist in Plaintiff's face giving Plaintiff a "black eye"

18. Plaintiff, fearing for his health, safety and life, refused to eat and exited the dining hall.

19. While exiting the dining hall, Plaintiff was again assaulted a third time by Defendant Janvier, while Plaintiff was been assaulted by Defendant Janvier, Defendants LT. Bouchie, Lee and Sgt. Shelton joined Defendant Janvier in assaulting Plaintiff by hitting Plaintiff in his face, sides and back.

20. When Plaintiff was on the ground (because he fell during the assault) Defendants started to kick and hit Plaintiff in his sides, face and back.

21. The above mentioned assault caused Plaintiff serious physical injuries which caused the medical

5.

department to immediately transport Plaintiff to a local hospital after being examined by the prison medical staff.

22. On June 30, 2025, Plaintiff filed a formal grievance against the cert Team. Upon the receipt of the grievance by prison staff, Defendants Shelton and Lee entered the dormitory where Plaintiff was housed at and informed the inmates that Plaintiff is a "snitch" because he filed a grievance against them.

## V. EXHAUSTION OF LEGAL REMEDIES

23. Plaintiff used the Prisoner's grievance Procedure available at Phillips state prison to try and solve the problem. On June 30, 2025, Plaintiff presented the facts relating to this complaint. (see exhibit 1).

24. On August 11, 2025, Plaintiff was sent a response from the Warden saying that the grievance is referred to the Georgia Department of Corrections Criminal Investigation Division (CID). This response ended all available administrative remedies because Plaintiff per

6.

GDC Policies cannot appeal that decision.

## VI. LEGAL CLAIMS

25. Plaintiff reallege and incorporate by reference Paragraphs 1-24.

26. Defendant Bouchie used excessive force against Plaintiff by Punching and Kicking Plaintiff in his face, sides and back when Plaintiff was not violating any Prison rule, and was not acting disruptively.

27. Defendant Bouchie's action violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution, and caused Plaintiff Pain, Suffering, Physical injuries, emotional and lasting mental distress.

28. Defendant Janvier used excessive force against Plaintiff by Punching and Kicking Plaintiff in his face, sides and back when Plaintiff was not violating any Prison rule, and was not acting disruptively.

7.

29. Defendant Janvier used excessive force against Plaintiff by throwing water in his face without justification when Plaintiff was not violating any Prison rule, and was not acting disruptively.

30. Defendant Janvier's actions as stated in Paragraphs 28 and 29 violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution and caused Plaintiff Pain, Suffering, Physical injury, emotional and lasting mental distress.

31. Defendant Lee used excessive force against Plaintiff by Punching and Kicking Plaintiff in his face, sides and back when Plaintiff was not violating any Prison rule, and was not acting disruptively.

32. Defendant Lee's action violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution and caused Plaintiff Pain, Suffering, Physical injuries, emotional and lasting mental distress.

33. Defendant Shelton used excessive force

8.

against Plaintiff by Punching and kicking Plaintiff in his face, sides and back when Plaintiff was not violating any Prison rule, and was not acting disruptively.

34. Defendant Shelton's action violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution and caused Plaintiff Pain, suffering, Physical injuries, emotional and lasting mental distress.

35. By Defendant Shelton calling Plaintiff a "Snitch" in front of other inmates for exercising of his right to seek redress from the Prison through use of the Prison grievance Procedure, Defendant Shelton was retaliating against Plaintiff unlawfully in violation of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution. These illegal actions of defendant Shelton are causing Plaintiff injuries to his First and Fourteenth Amendments to the United States Constitution.

36. By Defendant Lee calling Plaintiff a "snitch" in front of other inmates for exercising of his

9.

right to seek redress from the Prison through use of the Prison grievance Procedure, Defendant Lee was retaliating against Plaintiff unlawfully in violation of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution. These illegal actions of defendant Lee are causing Plaintiff injuries to his First and Fourteenth Amendments to the United States Constitution.

37. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein.

38. Plaintiff has been and will continue to be irreparably injured by the conducts of the Defendants unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully pray that this court enter judgment:

39. Granting Plaintiff a declaration that the acts

10.

and omissions described herein violates Plaintiff's rights under the constitution and laws of the United States, and

40. A Preliminary and Permanent injunction ordering all defendants to immediately cease their physical violence and threats toward Plaintiff and all the mental health inmates at Phillips State Prison, and

41. Granting Plaintiff compensatory damages in the amount of $300,000 against each defendant, separately and severally;

42. Plaintiff seek punitive damages in the amount of $500,000. Plaintiff seeks these damages against each defendant, separately and severally.

43. Plaintiff asks the court to appoint legal counsel to represent Plaintiff in these proceedings.

44. Plaintiff seeks a jury trial on all issues triable by jury;

45. Plaintiff also seeks recovery of his costs

11.

in this suit, and,

46. Any additional relief this court deems just, proper, and equitable.

Executed, this 26th day of August, 2025.

Signed: *Akeim.B*

Please serve:

Akeim Burgest
GDC#1003101933
Phillips State Prison
2989 W. Rock Quarry Rd.
Buford, Georgia 30519.
Plaintiff, PRO-SE